IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Taurus S. Watts,<br><br>  Petitioner,<br><br>  v.<br><br>Warden Michael Stephon,<br><br>  Respondent. | C/A No. 1:19-1317-CMC<br><br><br><br>Opinion and Order |

This matter is before the court on Petitioner's *pro se* Petition for writ of habeas corpus, challenging his 2009 murder conviction and filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

On May 22, 2019, the Magistrate Judge issued an Order to Show Cause why the Petition should not be dismissed as untimely. ECF No. 8. The Order provided notice to Petitioner the court was "considering dismissal of his case based on the running of the one-year statute of limitations" for such petitions, as there was an "unexplained 7-year gap between when Petitioner's conviction became final and the filing of this habeas petition." *Id.* at 1, 2. Petitioner was afforded 21 days to "submit a document to this court providing facts concerning the issue of timeliness of this petition that would provide a basis for the application of equitable tolling and thereby prevent dismissal based on the limitations bar." *Id.* at 2. No response was received from Petitioner. On June 19, 2019, the Magistrate Judge entered a Report recommending the case be dismissed without issuance and service of process for failure to prosecute and because the habeas petition is untimely.

ECF No. 12. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on July 1, 2019. ECF No. 14.

## Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## Discussion

The Report recommends dismissal for failure to prosecute, or in the alternative because the statute of limitations bars Petitioner's claims and Petitioner has demonstrated no grounds for equitable tolling. ECF No. 12.

Petitioner's objections argue his Petition is not untimely. ECF No. 14. He sets forth the following timeline:

- June 20, 2012 - Direct Appeal denied[1]
- May 30, 2013 – PCR application filed in Richland County Court of Common Pleas
- March 3, 2016 – PCR denied

---

[1] Petitioner requests equitable tolling of 90 days after this denial, the period allowed for seeking review from the Supreme Court.

- March 9, 2016 - PCR Notice of Appeal filed

- November 17, 2016 – PCR Petition for Writ of Certiorari filed in Appeal

- September 5, 2018 – PCR Certiorari denied

- September 26, 2018 – PCR Certiorari Remittitur[2]

- May 6, 2019 – Petition for Writ of Habeas Corpus filed

Petitioner had one year from the date on which the state court criminal judgment became final to file his § 2254 petition. 28 U.S.C. § 2244(d)(1)(A).[3] However, this period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

In his objections, Petitioner argues there is not an "unexplained 7-year gap" between when his direct appeal was denied and when he filed the instant Petition. ECF No. 14 at 3. He also explains his institution was on lockdown when he received the May 22 Order to Show Cause by the Magistrate Judge, and he therefore was unable to timely respond. *Id.* at 4.

The court agrees with Petitioner that the Petition should not be dismissed for failure to prosecute, as Petitioner has now explained why he did not respond to the Order to Show Cause. Petitioner has also explained the history of his case, and provided a timeline for his filings in state court. However, under § 2244(d)(1)(A), Petitioner does not receive one year from the time his PCR application is decided – he receives one year from the time of "conclusion of direct review

---

[2] Petitioner again requests equitable tolling of 90 days during which he could have sought review by the Supreme Court.

[3] Petitioner has not argued any of the other subsections of §2254(d)(1) apply in this case, and the court sees no indication from Petitioner's filings that subsections (B)-(D) would apply.

3

or the expiration of the time for seeking such review," with equitable tolling applied for the time his PCR application is pending. 344 days passed between when Petitioner's direct appeal was denied and when his PCR motion was filed. Six more days passed between the denial of the PCR and its appeal. Petitioner then had 15 days from the denial of the PCR appeal in which to file his habeas petition. He failed to timely do so, filing approximately eight months after his application for writ for certiorari on the PCR was denied.[4]

Petitioner requests a total of 180 days of equitable tolling: 90 days after his direct appeal, the time during which he could have filed a petition for certiorari, and 90 days after his PCR application for writ of certiorari was denied, during which he could have petitioned the United States Supreme Court for review. ECF No. 14. However, even if this was granted, the instant Petition would still be untimely. Giving Petitioner the benefit of the doubt, the time between the issuance of the remittitur on his PCR application for writ of certiorari and the time he filed the instant Petition is 222 days. 222 + 344 (time between appeal denied and PCR filed) + 6 (time between denial and appeal of PCR) is 572 days. If the court were to grant 180 days of equitable tolling, the Petition was still filed 392 days after the denial of his direct appeal – over one year.

Further, it does not appear from the record any additional basis for equitable tolling applies, and Petitioner does not assert any such basis.

## **Conclusion**

After a *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the

---

[4] In this case, it makes no difference whether the time runs from the actual denial or the remittitur – under either scenario, the habeas corpus petition is untimely.

Magistrate Judge regarding timeliness, as supplemented above. The portion of the Report regarding failure to prosecute is not adopted; however, the balance of the Report is adopted and incorporated by reference as supplemented in this order. Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed as untimely, without issuance and service of process.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 10, 2019